IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| MARQUAN TEETZ, as Next Friend and Personal Representative of the ESTATE OF CEDRIC LOFTON, deceased,<br><br>   Plaintiff,<br><br> v.<br><br>THE BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS; JASON STEPIEN; BRENTON NEWBY; KAREN CONKLIN; BILLY BUCKNER; BENNY MENDOZA; CITY OF WICHITA, KANSAS; RYAN O'HARE; LOUIS HEBERT; JOHN ESAU; R. CARILLO; JORDAN CLAYTON; CORY BENNETT; T. SUPANCIC; A. DARROW; J. KNOLLA; and G. ROBINSON,<br><br>   Defendants. | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT CITY OF WICHITA'S RULE 26 MANDATORY INITIAL DISCLOSURES**

Plaintiff Marquan Teetz, as Next Friend and Personal Representative of the Estate of Cedric Lofton, deceased, moves to compel mandatory initial disclosures under Fed. R. Civ. 26(a)(1)(A) from Defendant City of Wichita because the City's disclosures contain no substantive information.

As brief background, this is a civil rights action against the City of Wichita, Wichita Police Officers, and other defendants, stemming from the September 2021 death of minor Cedric Lofton. In an attempt to avoid motion practice and consistent with Local Rule 37.2, Plaintiff's counsel repeatedly communicated with counsel for Defendant City of Wichita requesting that Defendant serve its mandatory initial disclosures. Specifically, Plaintiff's counsel (John Marrese) emailed counsel for

City of Wichita (David Cooper) on both November 16 and 18, 2022, explaining that the City of Wichita was required to serve disclosures given that the court had set a discovery schedule and there was no stay of discovery. When Plaintiff's counsel did not receive a response, he emailed the City's counsel a third time on November 22, 2022. The City's counsel finally responded that day, stating that the City's only defense at this time was that Plaintiff had failed to state a claim under Rule 12(b)(6) as set forth in the City's motion to dismiss and that "[t]here are no persons or documents to be used to support that defense." Later that evening, Plaintiff's counsel responded by arguing that the City was aware of defenses it would raise beyond its 12(b)(6) argument and given that there was no stay of discovery, the City was obligated to disclose relevant information regarding such defenses now. Defendant has refused. Accordingly, this matter is ripe for the Court's consideration. A copy of the parties' communications on the matter are attached here as Exhibit 1. (*See* Exhibit 1, LR 37.2 Correspondence.)

Defendant's position is incorrect as a matter of both the Federal Rules of Civil Procedure as well as the Court's scheduling order and, therefore, the Court should compel Defendant's mandatory disclosures. Specifically, the parties' initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A) were due October 13, 2022. (Dkt. #26.) All parties served substantive disclosures, except for Defendant City of Wichita. The City did not identify any witness or any document which it may use to support its defenses, as required. Instead, the City merely stated: "Defendants filed a motion to dismiss, Doc. 14. Accordingly, defendant has not determined which, if any, persons have discoverable information that may be used to support its defenses." (Exhibit 2, City's Disclosures.) That is woefully inadequate.

By way of example, the City is aware of the names of each of the Wichita Police Department ("WPD") officers who interacted with and/or arrested Cedric Lofton on the night he died. Indeed, in its Rule 26 disclosures, Defendant Sedgwick County identified several WPD officers. By way of

another example, the City is aware of the particular officer who submitted written information to the Juvenile Intake and Assessment Center ("JIAC") in Wichita, Kansas, which Plaintiff alleges included false information with respect to whether Cedric Lofton needed medical attention. (Dkt. #1, Compl. ¶ 53.) As yet another example, the City is aware of documentation relating to the call for service at Cedric Lofton's home or relating to Cedric Lofton's arrest and/or transportation to JIAC. These are but a few obvious examples of information the City has and certainly may use to defend the civil rights claims against it in this case. Yet none of that information is identified in Defendant's disclosures.

As discussed above, in correspondence with Plaintiff's counsel, the City has justified its refusal to serve substantive disclosures based on its pending motion to dismiss. That is improper. There is no stay of discovery. Quite the opposite. The Court held a scheduling conference with the parties on October 25, 2022. There, the Court set a full discovery schedule, with discovery closure on April 21, 2023. (Dkt. #42.) At the hearing, the court made it clear that the parties were to act immediately and expeditiously to comply with those deadlines. Accordingly, the City is required to serve disclosures based on defenses it will raise outside of its Rule 12(b)(6) argument and its refusal to do so has already cost Plaintiff time.

Initial disclosures under Rule 26(a)(1) are mandatory. *See* FED. R. CIV. P. 26(a)(1)(A) (stating that "a party *must*, without awaiting a discovery request, provide to the other parties" the information identified) (emphasis added); *see also Niles v. American Airlines, Inc.*, 563 F.Supp.2d 1208, 1212 (D. Kan. 2008) (describing Rule 26(a)(1) disclosure obligations as "mandatory"). There is good reason for their mandatory nature, as "[t]he mandatory initial . . . disclosure requirements of Rule 26 are intended to provide sufficient detail and clarity to permit each party to make informed decisions about the discovery necessary to address the specific claims directed against that party, and to prepare for trial." *Estate of McDermed v. Ford Motor Co.*, No. 14-cv-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. Apr. 1, 2016) (internal quotations and citation omitted). Accordingly, Plaintiff is entitled to, and requires,

3

such information to pursue his case—and to do so within the time set by the Court's scheduling order. Plaintiff respectfully requests that the Court prevent Defendant from further stalling in violation of the rules as it is thwarting Plaintiff's ability to pursue his case.[1]

For these reasons, Plaintiff respectfully requests that the Court order Defendant City of Wichita to immediately make its mandatory initial disclosures.

Respectfully submitted,

Date:   November 28, 2022                    MARQUAN TEETZ


/s/   *John Marrese*
         John Marrese

Andrew M. Stroth*
ACTION INJURY LAW GROUP
191 N. Wacker Drive, Suite 2300
Chicago, IL  60606
P. (844) 878-4529
astroth@actioninjurylawgroup.com

Steven Hart*
John Marrese*
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
P. (312) 955-0545
shart@hmelegal.com
jmarrese@hmelegal.com

Ben Stelter-Embry
EMBRY LAW, LLC
1600 Genessee, Suite 956
Kansas City, MO 64102
P. (913) 231-9396
ben@embry-law.com

**Admitted Pro Hac Vice*

---

[1] For example, Plaintiff was forced to file a proposed amended complaint naming WPD officers as Defendants based on those identified in Sedgwick County's mandatory initial disclosures. Plaintiff did not (and still does not) have the benefit of the City's disclosure of such individuals given the City's refusal to comply with its mandatory disclosure obligations.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to attorneys of record.

/s/ *Ben Stelter-Embry*
**Attorney for Plaintiff**